### TEMPLETON *v.* WILE et al.[1]

(*Common Pleas of New York City and County, General Term.*  February 4, 1889.)

·CONTRACT—MUTUAL ASSENT—EVIDENCE.

> The parties to an action stipulated that if defendants' answer, which set up a counter-claim, showed a contract, defendants should have judgment. The entire testimony was correspondence between the parties, and from this it appeared that plaintiff at a certain time confirmed a proposition made by defendants, but the subsequent correspondence showed that both parties proposed additional terms, which were never ratified. *Held*, that judgment was properly entered for plaintiff.

Appeal from city court, general term.

Action in the city court of New York city by David Porter Templeton .against Julius Wile and Isaac Wile. Judgment was entered for plaintiff on the report of a referee, affirmed on appeal to the general term of the city court, .and defendants now appeal to this court.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ,

*Solomon F. Higgins,* for appellant. *H. Weble,* for respondents.

PER CURIAM. The only issue which was tried before the referee arose ·upon the counter-claim set up in the answer and the reply to the same, as ap-

[1] Affirming *ante*, 9.

pears by the stipulation entered into between the parties, whereby it was stipulated that, if there was any contract set forth in the answer, the defendants were entitled to judgment. The entire testimony is contained in the correspondence between the parties. From this it appears that on the 17th day of July, 1886, the plaintiffs confirmed a proposition made by the defendants that they would be plaintiff's agents in the United States for the sale of certain mineral water. Had the parties rested there, the contract set forth in the answer would have been sufficiently established. But it is clear from the subsequent correspondence that neither party to the transaction regarded the contract as then completed, for both parties subsequently proposed additional terms, which were never ratified; and consequently we think the referee was right in his finding that the contract, as set forth in the answer, was never consummated. Hence the conclusion to which he arrived in ordering judgment for the plaintiff was correct. The judgment should therefore be affirmed.